

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-25-2006

# Harris v. SEPTA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2750

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Harris v. SEPTA" (2006). *2006 Decisions*. Paper 422.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/422

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2750

TERRY HARRIS,
                                    Appellant

v.

SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY;
GROSTAS, FOREMAN

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 05-cv-0526
(Honorable John R. Padova)

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 11, 2006

Before:  SCIRICA, *Chief Judge*, SLOVITER and BARRY, *Circuit Judges*

(Filed:    September 25, 2006)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

    Terry Harris appeals the District Court's order granting SEPTA's Federal Rule of

Civil Procedure 12(b)(6) motion to dismiss his 42 U.S.C. § 1983 claim.  We will affirm.

I.

Harris was a maintenance custodian driver in a bargaining unit represented by the Transport Workers Union of Philadelphia, Local 234. After being sent by his foreman for drug testing, Harris tested positive for cocaine use. SEPTA held both an informal and a formal hearing, and Harris was subsequently terminated from employment. The terms and conditions of Harris's employment at the time he was terminated were governed by a collective bargaining agreement negotiated by SEPTA and Local 234. Local 234 filed a grievance, challenging both the results of the drug test and whether SEPTA had "reasonable suspicion" to test Harris. SEPTA conducted a Labor Relations "step" hearing before the Labor Relations manager, who denied Harris's grievance. Local 234 did not file for arbitration. Harris brought this § 1983 action, claiming SEPTA and the foreman violated his Fourth Amendment right to be free from unreasonable searches and seizures and his Fourteenth Amendment right to be free from deprivation of property without due process. The District Court dismissed the action under Rule 12(b)(6).[1]

---

[1] Our review of the District Court's order to dismiss for failure to state a claim is plenary. *Angstadt v. Midd-West Sch. Dist.,* 377 F.3d 338, 342 (3d Cir. 2004). We apply the same standard as the District Court, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff. *Carino v. Stefan*, 376 F.3d 156, 159 (3d Cir. 2004). A Rule 12(b)(6) motion may be granted where the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

II.

Our decision in *Dykes v. SEPTA*, 68 F.3d 1564 (3d Cir. 1995), is directly applicable and controlling here. In *Dykes*, plaintiff alleged that SEPTA deprived him of his Fourth Amendment right to be free from unreasonable searches and seizures because his supervisors had no reasonable basis to order him to submit to a drug test. Plaintiff also contended his Fourteenth Amendment rights were violated because he was deprived of a property interest in his employment without due process of law. We concluded that Dykes failed to allege a constitutional violation cognizable under § 1983. *Id.* at 1565.

Addressing Dykes' Fourth Amendment claim, we held, under SEPTA's collective bargaining agreement, "whether reasonable suspicion exists in a given case is not a question of law under the Fourth Amendment, but is instead a question of fact to be resolved during the course of the grievance/arbitration process." *Id.* at 1565. Moreover, resolution of the reasonable suspicion issue during the grievance/arbitration process is binding on the reviewing court. *Id.* at 1568 (citing *Bolden v. SEPTA*, 953 F.2d 807 (3d Cir. 1991) (en banc)).

Our analysis in *Dykes* is directly applicable to Harris's Fourth Amendment claim. Under the collective bargaining agreement, at Article XII, § 1203.I(a), SEPTA may require an employee "to submit to drug and alcohol testing on a reasonable suspicion basis when a supervisor trained in the detection of drug and alcohol use can articulate and substantiate" several different indicia of drug use. Because the factual issue of reasonable suspicion is to be determined under the grievance system and this issue was not resolved

3

in Harris's favor, the District Court concluded that the allegations set forth in Harris's complaint did not support a Fourth Amendment claim under § 1983.

Harris's Fourteenth Amendment claim is also governed by our decision in *Dykes*: "where an adequate grievance/arbitration procedure is in place and is followed, a plaintiff has received the due process to which he is entitled under the Fourteenth Amendment." *Dykes*, 68 F.3d at 1565. We held SEPTA's grievance/arbitration procedure adequate for due process purposes under similar circumstances, *id.* at 1572, and there is no claim that SEPTA did not follow those procedures here. Thus, the District Court concluded that Harris lacked any claim under the Fourteenth Amendment.

### III.

Although the District Court applied our clear precedent in *Dykes*, Harris argues it erred by failing to follow *Wright v. Universal Maritime Service Corp.*, 525 U.S. 70 (1998). In *Wright*, the Supreme Court considered "whether a general arbitration clause in a collective-bargaining agreement . . . requires an employee to use the arbitration procedure for an alleged violation of the Americans with Disabilities Act . . . ." *Id.* at 72. The Court reasoned that, although there is generally a "presumption of arbitrability" involving causes of action arising from the contractual claims within a collective bargaining agreement, that presumption does not extend to claims beyond the terms of the agreement. *Id.* at 78-79. A plaintiff's federal statutory claim could not be subsumed into the agreement absent a "clear and unmistakable waiver of the covered employees' rights to a judicial forum for federal claims of employment discrimination." *Id.* at 82. Although

4

the Court did not explicitly consider "whether such a waiver would be enforceable," *id.*, it drew a sharp distinction between substantive causes of action arising from the agreement itself and federal statutory claims that exist apart from the agreement. *Id.* at 78-79.

Relying on this distinction, the District Court held *Wright* inapposite to Harris's § 1983 claims. As the District Court noted, Harris's claims sound in contract, in this case, the collective bargaining agreement. Because Harris's claims arise from the collective bargaining agreement, they were properly resolved by the grievance/arbitration process, and *Wright* is not applicable.

Accordingly, nothing in *Wright* would force a reevaluation of our decision in *Dykes*.

IV.

We will affirm the judgment of the District Court.